IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RICHARD A. WILLIAMS,<br><br>                      Plaintiff<br>     VS.<br><br>TYDUS MEADOWS, *et al.*,<br><br>                      Defendants | NO. 5:06-CV-239 (CAR)<br><br>PROCEEDINGS UNDER 42 U.S.C. §1983<br>BEFORE THE U. S. MAGISTRATE JUDGE |

## RECOMMENDATION

On October 13, 2006, the defendants[1] in the above-styled case filed a MOTION TO DISMISS the action, citing the plaintiff's failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act. Tab #13. On October 16, 2006, the undersigned issued an Order directing the plaintiff to respond to the defendants' motion. Tab #14. On October 20, 2006, the court's Order was returned to the Clerk's office as undeliverable, and the notation on the envelope indicates that the plaintiff refused the mail. Tab #16. The plaintiff has not responded to the motion. The defendants' motion asserts that the plaintiff did not appeal his grievance and that this court therefore does not have jurisdiction over the proceeding. Their argument is compelling, as there is no evidence of any administrative appeal in the record.

Accordingly, IT IS RECOMMENDED that the defendants' MOTION TO DISMISS (Tab #13) be GRANTED and that the instant case be dismissed.[2] Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 5th day of March, 2007.



                                                  CLAUDE W. HICKS, JR.
                                                  UNITED STATES MAGISTRATE JUDGE

---

[1] The court notes that defendant MS. MILLER is not included as a party in the defendants' motion and it is not clear that MS. MILLER was ever served. In any case, IT IS RECOMMENDED that all claims against MS. MILLER for failure to exhaust administrative remedies and/or the plaintiff's failure to prosecute his action.

[2] Jacqueline F. Bunn, former Assistant Attorney General, has also filed a motion to withdraw as attorney for the defendants, showing that she is no longer legally authorized under state law to represent parties. Tab #21. That motion is GRANTED.